UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| **MICHAEL JONES,**<br>    **Plaintiff,**<br><br>V.<br><br>**AT&T MOBILITY, LLC,**<br>    **Defendant.** | **CIVIL ACTION NO. 6:17-320-KKC**<br><br>**OPINION AND ORDER** |

This matter is before the Court on the motion to remand filed by the plaintiff Michael Jones (DE 5). For the following reasons, the motion will be granted.

Jones commenced this action in Laurel Circuit Court. In his complaint, he alleges that he was employed by defendant AT&T Mobility, LLC and that he was sexually harassed while working there. He also alleges that he suffers from bipolar disorder and attention- deficit hyperactivity disorder (ADHD). He asserts that he sought reasonable accommodations from AT&T for these disabilities, but that AT&T refused to provide them. He asserts that AT&T ultimately fired him in retaliation for his complaints. He asserts claims for hostile work environment, unlawful retaliation, disability discrimination, and failure to accommodate his disabilities, all under the Kentucky Civil Rights Act (KCRA), KRS § 344.010, *et seq*. He seeks compensatory damages including past and future lost wages and benefits. He also seeks damages for emotional distress and punitive damages. In addition, he seeks attorney's fees, costs, and expenses as provided under the KCRA. (DE 1-2, State Court Complaint.)

The defendant AT&T removed the matter to this Court, asserting that this Court has jurisdiction under 28 U.S.C. § 1332(a), which establishes federal jurisdiction over a matter that is between citizens of different states where the amount in controversy is more than $75,000. There is no dispute that Jones and AT&T are from different states. As to the amount in

controversy, in his complaint Jones states that the amount in controversy "is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief." (DE 1-2, State Court Complaint ¶3.) "Generally, since the plaintiff is master of the claim, a claim specifically less than the federal requirement should preclude removal." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). This is because it is perfectly acceptable for a plaintiff who does not wish to try his case in federal court to sue for less than the federal jurisdictional amount and, in such circumstances, the defendant cannot remove the case even though the plaintiff would be entitled to more damages than he seeks. *Id*.

Here, however, the statement in the state court complaint regarding the "amount in controversy" is ambiguous. Jones does not state that he will not seek or accept damages of more than $75,000. He merely states that the "amount in controversy" is less than $75,000. The statement is even more ambiguous regarding the amount in controversy given that, under Kentucky Rule of Civil Procedure 54.03(2), the state court must grant the plaintiff the amount he is entitled to, regardless of whether he demanded that amount in his complaint. The Sixth Circuit has recognized that rules like this "might enable a plaintiff to claim in his or her complaint an amount lower than the federal amount-in-controversy requirement in an attempt to defeat federal jurisdiction, while actually seeking and perhaps obtaining damages far in excess of the federal requirement." *Id*. at 157-58.

To prohibit such gamesmanship, the Sixth Circuit permits removal, even where the plaintiff alleges in his complaint that he seeks less than $75,000, if the removing defendant shows that it is "'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (quoting *Gafford*, 997 F.2d at 158). With its notice of removal, AT&T submits undisputed evidence that Jones was fired on August 4, 2015 and that his base pay was $58,734. Accordingly, his lost wages

2

alone at the time of removal were $135,540. In addition, Jones seeks statutory attorney's fees, damages for emotional distress, and punitive damages.

In his motion to remand, however, Jones' counsel submits an affidavit that appears to limit the damages that he will seek in the state court action. (DE 5-3, Stipulation.) The amount in controversy is determined by the status of the case at the time of removal. *Rogers, Inc.*, 230 F.3d at 871. Nevertheless, courts have accepted stipulations filed after removal where the stipulation merely *clarifies* the amount in controversy and does not *change* the amount in controversy from the time of removal. *See e.g., Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 777–78 (W.D.Ky.2002); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990); *Helton v. Lelion,* No. CIV.A. 5:14-363-DCR, 2014 WL 5824894, at *3 (E.D. Ky. Nov. 10, 2014).

As discussed, the amount in controversy is not clear from the face of the plaintiff's complaint. Accordingly, the Court will consider the stipulation to the extent it clarifies the amount in controversy. The stipulation states, "Plaintiff will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of punitive damages, costs, attorneys' fees, and the fair market value of any injunctive relief." The stipulation further states that it "is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to him." (DE 5-3, Stipulation.)

This clarifies that the plaintiff will neither make a demand for nor accept any amount that exceeds $75,000. Further, the stipulation is binding and "leaves Plaintiff no room to escape the bounds of its restrictions." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013). The state court "will be forced to rely on this stipulation to prevent the award of excess damages." *Id*. The stipulation is the first time Jones provides specific information about the amount in controversy. Thus, it is a clarification rather than a reduction of the amount in

controversy. *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (citing *Egan*, 237 F. Supp. 2d at 778).

AT&T argues that the amount in controversy must exceed $75,000 because the KCRA requires that a prevailing plaintiff be awarded his attorney's fees. KRS § 344.450. AT&T argues that, for a claim under the KCRA, the attorney's fees award routinely exceeds $75,000. It cites two cases awarding attorney fees of more than $75,000. Regardless, if not for the stipulation, Jones' damages together with an attorney's fee award would most certainly exceed $75,000.

But Jones is bound by his stipulation to neither seek nor accept any amount in damages greater than $75,000. Thus, the Court cannot find it more likely than not that that the amount in controversy in this action exceeds $75,000. In reaching the conclusion that this matter must be remanded, the Court is mindful of the fact that, "the removal statutes are to be strictly construed and 'all doubts should be resolved against removal.'" *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007), *cert. denied sub nom. Cook v. Mays*, 138 S. Ct. 1557 (2018).

For all these reasons, the Court hereby ORDERS as follows:

1) the motion to remand (DE 5) is GRANTED;
2) this matter is REMANDED to the Laurel Circuit Court; and
3) the Scheduling Order (DE 12) is VACATED.

Dated July 6, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY